IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL HOWARD TILLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-10-431- JHP |
| ) | |
| HEARTLAND AMERICA, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Paul Howard Tilley, appearing pro se in this matter, filed suit in the United States District Court for the Eastern District of Oklahoma. Plaintiff has been granted permission to proceed *in forma pauperis*. Plaintiff alleges a violation of civil rights by the defendant due to an unauthorized $20 charge to his bank account.

The *in forma pauperis* statute, 28 U.S.C., §1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. *Neitzke v. Williams, 490 U.S. 319, 327 (1989)*. The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(I) and 1915A(b)(1). Typically, a dismissal on these grounds is "made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke, 490 U.S. at 324*.

When considering a dismissal for failure to state a claim upon which relief can be granted, the Court must liberally construe the allegations of a pro se plaintiff. The Supreme Court has recently announced that the inquiry to be used when considering a dismissal for failure to state a

claim upon which relief can be granted is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).* Thus, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).*

In the instant case, Plaintiff appears to allege a violation of his constitutional rights. "To state a cause of action under 42 U.S.C. §1983 for an alleged violation of a [constitutional right], 'it is beyond cavil' that challenged conduct must constitute state action." *Tool Box Corp. v. Ogden City Corp., 316 F.3d 1167, 1175 (10th Cir. 2003) citing Johnson v. Rodrigues (Orozco), 293 F.3d 1196, 1201 (10th Cir. 2002); Lugar v. Edmonson Oil Co., 457 U.S. 922, 930-932 (1982).* "A proper claim must incorporate at least two elements, each a distinct inquiry: (1) the plaintiff must show that he has been deprived of a right protected by the Constitution and laws of the United States; and (2) the plaintiff must show that the putative state actor deprived him of the right while acting "under color of any statute" of the [municipality]. *Tool Box Corp v. Ogden City Corp., 316 F.3d at 1175, citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).* The defendant in this case is not a state actor and did not act under color of state law. Therefore, the challenged conduct did not constitute state action. Thus, it is clear Plaintiff cannot prevail on the facts alleged.

Accordingly, this case is dismissed with prejudice.

**IT IS SO ORDERED** this 5th day of January, 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma